(1 App. Div. 544.)

MAYOR, ETC., OF CITY OF NEW YORK v. LYNCH et al.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

PRACTICE IN CIVIL CASES—RIGHT TO DISCONTINUE ACTION.
  The right of plaintiff to discontinue the action is not affected by the fact that a defendant has served an answer asking affirmative relief against a codefendant, having no relation to the cause of action set out in the complaint.

Appeal from special term, New York county.

Action by the mayor, aldermen and commonalty of the city of New York against Sarah Lynch and Nathaniel Jarvis, Jr. From two orders allowing plaintiff to discontinue the action, defendant Jarvis appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Anderson Price, for appellant.
W. L. Turner, for respondent.

VAN BRUNT, P. J. This action was brought to set aside a certain grant of real estate made by the plaintiffs to one William

Lynch, of whom the defendant Sarah Lynch was the successor. The defendant Jarvis was joined as a party defendant for the reason that he claimed to have an interest in said property adverse to the defendant Lynch. The defendant Lynch has never appeared; but defendant Jarvis appeared and served an answer, also serving his answer upon the defendant Lynch, claiming some affirmative judgment against her. The corporation counsel made a motion for leave to discontinue the action, which was granted; and from the orders thereupon entered this appeal is taken.

We can see no reason for interfering with the orders appealed from. The corporation counsel has charge of all the legal business of the plaintiff, and there is no evidence whatever of any dissent on the part of any of the municipal authorities from the action of the corporation counsel. A plaintiff has ordinarily the right to discontinue an action, upon the payment of costs, unless by so doing he deprives the defendant of some rights which he has acquired by reason of the bringing of the action. In the case at bar the only claim is that the defendant Jarvis has served an answer upon the defendant Lynch, seeking to assert title to the property in question, and that the mayor, etc., is to stay in court for the purpose of enabling them to settle their differences in this action; the mayor, etc., having no interest whatever in the controversy, being absolutely indifferent as between the parties, and such controversy having no relation whatever to the subject-matter of the action as set forth in the complaint,—the action being brought to set aside a grant of certain premises, given by the mayor. The claim upon the part of the defendant Jarvis, which he seeks to assert in this action, is that, as against the defendant Lynch, he has the title to the property. This controversy must be settled in some other action than the present.

The orders appealed from should be affirmed, with $10 costs and disbursements. All concur.